FILED
BILLINGS DIV.
2011 AUG 4 PM 2 38
PATRICK E. DUFFY, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 06-99-BLG-RFC |
| | ) | CV 11-57-BLG-RFC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING § 2255 MOTION |
| | ) | AND DENYING CERTIFICATE OF |
| MIGUEL VIDAL-NORIEGA, | ) | APPEALABILITY |
| | ) | |
| Defendant. | ) | |
| | ) | |

On May 27, 2011, Defendant Miguel Vidal-Noriega ("Vidal") filed a document captioned "In the United States District Court for the Ninth Circuit" and titled "Motion for Review of Sentence." Vidal is a federal prisoner proceeding pro se.

On June 7, 2011, Vidal was warned, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), that his motion would be recharacterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He was permitted to withdraw the motion or bring any additional claims he might have. He was also ordered to show cause why his motion, as recharacterized, should not be dismissed

with prejudice as time-barred. Order and Notice (*doc. 251*) at 2-5.

Vidal responded on June 20, 2011. He asked that his motion be heard as a § 2255 motion and that the time bar should not apply because he is apparently learning English in order to be able to file the motion. Resp. to Order (*doc. 252*) at 3. The Court will assume that equitable tolling applies, *Mendoza v. Carey*, 449 F.3d 1065, 1069-71 (9th Cir. 2006), and address the motion on its merits.

Vidal makes three arguments against his 180-month sentence. First, he asserts:

> The Sentencing Guidelines Manual (Exhibit 1 (§ 2D1.1(5)(ii))) indicates for conspiracy "level 34 or level 36, decrease by 3 levels;" this would have been a base offense level of 31 with a guideline range of 135 to 168 months with concurrent sentence. This is below the 180 months which Petitioner was sentenced to.

Mot. for Review of Sentence (*doc. 249*) at 1 (citing U.S.S.G. § 2D1.1(a)(5)(ii)).

Section 2D1.1(a)(5) does not say what Vidal says it says. Subsection (A) of that provision says the offense level should be decreased only if the defendant "received an adjustment under § 3B1.2" to reflect a "mitigating role" in the offense; subsection (B), the one that Vidal quotes, defines the extent of the decrease. Vidal did not receive a downward adjustment for a mitigating role because he did not play a mitigating role. His attorney successfully argued against an upward adjustment under U.S.S.G. § 3B1.1, but that is not the same thing as receiving a two-level

downward adjustment under § 3B1.2. U.S.S.G. § 2D1.1(a)(5) does not apply to Vidal.

Second, Vidal contends that his relevant conduct "does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy." Mot. for Review of Sentence at 2 (quoting U.S.S.G. § 1B1.3 Application Note 2). The problem with this claim is that Vidal was in the conspiracy from the moment it started. He had to be, because he was the supplier. Presentence Report ¶¶ 8-14. Vidal's claim that he "is not likely to have been guilty of all counts that he was indicted with," Mot. to Review Sentence at 2, is obviously true, since Count 15 was dismissed and he was acquitted on Counts 4, 7, and 21-23. But, to the extent he adds that he is not likely to have been guilty of "any" counts, he is obviously wrong, since he was convicted by a jury beyond a reasonable doubt on Counts 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20. Jury Verdict (doc. 105).

Third, Vidal alleges that his was a case involving prosecutorial misconduct and evidence admitted without foundation. Mot. for Review of Sentence at 2. He made both of these arguments on direct appeal. He lost. The Court of Appeals concluded that, while the prosecutor made "an honest mistake" in referring in closing argument to excluded exhibits, the remark was harmless. "Simply, this was not a fragile

conviction loosely based on circumstantial evidence, but one where the spokes of the conspiracy firmly pinned the drug-supplying hub." Mem. at 2, *United States v. Vidal-Noriega*, No. 07-30268 (9th Cir. June 5, 2008) (doc. 195). The appellate court also held that Vidal's objection to the admission of evidence for lack of foundation was incorrect because the foundation was properly laid. *Id.* at 3. Alleged errors that have already been held by the Court of Appeals not to be errors cannot support a sentence reduction.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Vidal does not show (or, technically, allege) any violation of his constitutional rights. His arguments are based on misrepresentation of the facts of his case. Reasonable jurists could find no reason to encourage further proceedings. A

COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. All claims having been denied, Vidal's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (*doc. 249*) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Vidal files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-57-BLG-RFC are terminated and shall close the civil file by entering judgment in favor of the United States and against Vidal-Noriega.

DATED this 4 day of August, 2011.

Richard F. Cebull, Chief Judge
United States District Court